■ WINIFRED SPADARO et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK et al., Defendants, and BAKER-FIRESTONE, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Westchester County, dated April 6, 1979, which granted the motion of defendant Baker-Firestone, Inc. (Baker) for summary judgment dismissing the complaint as to it. Order affirmed, with $50 costs and disbursements. On September 27, 1977 the plaintiff wife allegedly fell in front of premises at 64 Sagamore Road, Bronxville, and sustained injuries. At the time, defendants Consolidated Edison Company of New York and New Rochelle Water Company were doing construction work in the immediate vicinity of the scene of the accident. In moving to dismiss the complaint as against it, Baker showed by documentary evidence, i.e., a "Declaration of 64 Sagamore Road Condominium" (pursuant to article 9-B of the Real Property Law), that it had conveyed the subject premises on September 1, 1977, 26 days prior to the accident date. The recording date of that document is also September 1,

1977. As a consequence, Baker was out of both title and possession on September 1, 1977. In opposition to the motion, Benedict Spadaro, the coplaintiff husband with a derivative cause of action, but who was not present at the scene at the time of the accident, stated in an affidavit: "The premises commonly known as 64 Sagamore Road abut the sidewalk area with a stone wall. On top of the stone wall there was installed by, *I believe,* Baker-Firestone, small round stones of varying size which stones would commonly run off the wall either with rain or in time and fall upon the sidewalk in the street area. When my wife fell, *she was caused to fall not only by the roughen [sic] uneven area of the sidewalk but also because of the presence of stones which were in those rough and uneven areas"* (emphasis supplied). No affidavit of Winifred Spadaro appears in the record, nor does it appear that she was unavailable to execute and submit one. CPLR 3212 (subd [b]) directs that "The motion [for summary judgment] shall be granted if, upon all the papers and proof submitted, the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." (See *Andre v Pomeroy,* 35 NY2d 361, 364.) At bar we have nothing but hearsay—and conclusory hearsay at that—submitted in an attempt to defeat the motion. Accordingly, we affirm. Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.