■ ROBERT F. MALERBA et al., Respondents, v INCORPORATED VILLAGE OF HUNTINGTON BAY et al., Appellants, et al., Defendant. — In an action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Suffolk County, dated October 29, 1979, which denied the appellants' motion for summary judgment. Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed. Summary judgment in favor of the appellants should have been granted. Although a refusal by the police to render assistance to an individual can have serious effects, a municipality cannot be cast in damages for the police failure to perform unless the plaintiff can show that the police owed a "special duty" to him upon which he could rely (*Gordon v Holt,* 65 AD2d 344, 350-351; *Dutton v City of Olean,* 60 AD2d 335, affd 47 NY2d 756; *Murrain v Wilson Line,* 270 App Div 372, affd 296 NY 845; *Evers v Westerberg,* 38 AD2d 751). In this case, the plaintiffs were unable to make that showing. Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.

■ RICHARD MULLIN, Individually and as President of the East Ramapo Teachers Association, et al., Appellants, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. — In an action for a declaratory judgment and injunctive relief, plaintiffs appeal from an order of the Supreme Court, Rockland County, dated November 27, 1979, which denied plaintiffs' motion for summary judgment and granted summary judgment to defendants. Order modified by adding thereto, after the words "dismissed in all respects", the following: "except that it is declared that the curriculum is the province of the school board and there was no violation of plaintiffs First Amendment rights." As so modified, order affirmed, with $50 costs and disbursements payable to defendants. We agree with the reasoning of Special Term. Furthermore, the issue on appeal has previously been decided by this court (see *Deer Park Teachers Assn. v Board of Educ.,* 74 AD2d 814). However, since this was an action, *inter alia,* for a declaratory judgment, the complaint should not have been dismissed in its entirety (see *Lanza v Wagner,* 11 NY2d 317, app dsmd 371 US 74). Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.