■ JANICE ARVINGER, Respondent, v GENWAY CORP. et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. (Action No. 1.) HENRY ARVINGER, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. (Action No. 2.) — In negligence actions to recover damages for personal injuries, defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kartell, J.), dated June 24, 1982, as denied its motion for summary judgment, pursuant to CPLR 3212, dismissing the complaints and cross claims against it. Order reversed insofar as appealed from, on

the law, with costs, and motion granted. Plaintiffs were allegedly injured when a car driven by plaintiff Henry Arvinger, in which plaintiff Janice Arvinger was a passenger, hit part of a trolley track protruding from the street at the intersection of Nostrand Avenue and Quincy Street. The record on appeal and the relevant Board of Estimate resolutions conclusively establish that the defendant New York City Transit Authority neither owned nor controlled the tracks in issue. Accordingly, the complaints and cross claims against the Transit Authority must be dismissed (Administrative Code of City of New York, § 1151-8.0; *Gluck v Pinkerton N. Y. Racing Security Serv.*, 96 AD2d 548; *Spadaro v Consolidated Edison Co.*, 73 AD2d 616). We also note that this court may grant the relief requested even if a prior motion seeking the same relief as that sought by the instant motion had been initiated on an earlier occasion (see *Scott v Transkrit Corp.*, 91 AD2d 682). Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.