■ JOSEPHINE BAIN, as Administratrix of the Estate of ISRAEL WASHINGTON, JR., Deceased, Respondent, v CITY OF ROCHESTER, Appellant.—Judgment unanimously reversed, on the law, without costs, and complaint dismissed. Memorandum: Plaintiff seeks to hold the defendant municipality liable in negligence for the conduct of its police officers in allegedly failing to exercise reasonable care in responding to the request of her intestate to investigate, disarm and arrest the assailant who eventually murdered him, after earlier threatening to kill him. It is settled that liability may be imposed upon the city for negligence in the performance of a police function only if a special relationship was created between it and the injured party resulting from verbal assurances or conduct demonstrating that the police assumed the affirmative duty to protect the decedent and thus owed a "special duty" upon which he could rely (see, Yearwood v Town of Brighton, 101 AD2d 498, affd 64 NY2d 667 for reasons stated in opn at App Div; Malerba v Incorporated Vil. of Huntington Bay, 78 AD2d 899, affd 54 NY2d 863). The proof was insufficient as a matter of law to show that the police assumed a duty to protect the decedent. Investigation by the police of the original threat and their consequent action, which included a search of several persons, unknowingly including the assailant, and the dispersal of such persons, could not serve as an assurance to decedent that the police would provide him with continued assistance once their investigation came to an end. "[T]he actions of the officers in concluding their investigation and leaving the scene signified unmistakably that they intended to do no more" (Yearwood v Town of Brighton, 101 AD2d 498, 501, supra). In any event, viewing the evidence most favorably to plaintiff, as we must, and assuming the police assured decedent that they would arrest his assailant, the record establishes that he did not rely on the police for

protection and had knowledge that the police had departed from the scene without making the arrest. Consequently, their alleged negligence in not identifying the assailant at the scene and arresting him did not increase the risk to decedent and was not a proximate cause of his subsequent death. (Appeal from judgment of Supreme Court, Monroe County, Rosenbloom, J.—negligence.) Present—Dillon, P. J., Hancock, Jr., Callahan, Pine and Schnepp, JJ.