■ GERALD HAMILL, as Administrator of the Estate of SHAWN F. HAMILL, Deceased, Respondent, v TOWN OF DEWITT et al., Appellants.—Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: During the early morning hours of May 18, 1985, Shawn Hamill, his girlfriend Nanette Hogle, and Tina Konseck arrived at Konseck's residence in East Syracuse. Konseck's estranged husband, Jay, and two of his friends arrived and a fight ensued outside the apartment, principally involving Jay Konseck and Hamill. It appears that Jay Konseck was injured during the altercation, and his wife assisted him into the apartment. When police officers of the Town of Dewitt and Village of East Syracuse responded to the scene, Tina Konseck told a village officer that her injured husband was inside her apartment, that he had a knife, and had threatened to kill himself. Two town officers, upon the request of a village police officer, searched the apartment but did not locate Jay Konseck. The town officers left. The village police, upon completion of their investigation, told Mrs. Konseck, Hogle, and Hamill that they should come to the station to press charges. Tina Konseck asked if she could go into the apartment to get something before going to the station. The village officer permitted her to do so. As the village police were leaving, Tina Konseck, Hogle, and Hamill entered the apartment. Hamill encountered Jay Konseck in the apartment, a struggle ensued, and Hamill was stabbed to death by Konseck.

Plaintiff, as administrator of Hamill's estate, seeks to hold the town and village liable for the alleged negligent conduct of their police officers in their investigation of the incident and their failure to locate and arrest Jay Konseck. We conclude that, viewing the evidence in the light most favorable to plaintiff, the proof was insufficient as a matter of law to demonstrate that the police assumed a duty to protect Hamill, and that the trial court should have granted defendants' trial motion to dismiss.

Liability may be imposed upon a local government "for negligence in the performance of a police function only if a special relationship was created between it and the injured party resulting from verbal assurances or conduct demonstrating that the police assumed the affirmative duty to protect the decedent and thus owed a 'special duty' upon which he could

rely" *(Bain v City of Rochester,* 115 AD2d 957, *lv denied* 67 NY2d 606; *see also, Yearwood v Town of Brighton,* 101 AD2d 498, *affd* 64 NY2d 667). The police, in attempting to locate Jay Konseck, were performing a duty owed generally to the public. They gave no assurance of protection to Hamill, nor were they acting on his behalf. Moreover, Hamill entered the apartment knowing that the town and village police had failed to locate Jay Konseck, that they had terminated their investigation, and that they intended to do nothing more at the scene. He did not rely on the police for protection and, as a result, the alleged negligence of the town police in failing to locate Jay Konseck was not a breach of any duty owed to decedent *(see, Bain v City of Rochester, supra; Yearwood v Town of Brighton, supra).* (Appeal from judgment of Supreme Court, Onondaga County, Mordue, J.—negligence.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.