OPINION OF THE COURT
Paul E. Cheeseman, J.
The defendant, the Town of Colonie, moves this court for an order granting summary judgment dismissing the plaintiff’s complaint. The plaintiff cross-moves for summary judgment and for leave to amend the amount of damages sought in the *206 underlying action. Plaintiff commenced this action against the Town of Colonie alleging that on September 26, 1986, the Town of Colonie failed to "properly secure” the plaintiffs business premises, and failed to "properly investigate” an alarm activation.
Plaintiff owns a retail jewelry business- known as "Falzo’s Jewelers” with 1 of his 2 stores located in a small shopping plaza at 660 New Loudon Road, Colonie, New York. The plaintiffs daughter, Nanette Falzo, was the manager of the New Loudon Road store in September 1986. Also employed at the New Loudon Road location in September 1986 was the plaintiffs son, Glen Falzo.
The Colonie store has been equipped with an alarm system which is connected to the Town of Colonie police station for many years. This system alerts a "board” at the Colonie police station warning the police agency of a fire or break in.
On September 26, 1986, both Nanette Falzo and Glen Falzo were present when the store was closed. After closing the New Loudon Road store, Nanette Falzo proceeded to the home of her sister where she received a telephone call from a person identifying himself as being from the Town of Colonie Police Department. The caller indicated to Ms. Falzo that the "holdup alarm” at the store had gone off. Ms. Falzo attempted to contact her brother, Glen Falzo, to assist her in resetting the alarm. She was unable to contact Glen Falzo immediately, and proceeded to the store. The Town of Colonie had already dispatched Gregory L. Jensen, a town police officer, to the Falzo jewelry store in response to the "hold-up alarm”. Jensen testified at an examination before trial that he went to the scene, exited his vehicle, and looked into the store with his flashlight. Patrolman Jensen testified that he saw nothing out of the ordinary, and that the store did not appear to have been broken into. He testified he checked the front and back doors, and found them to be secure and returned to his patrol duties.
Ms. Falzo, who arrived after Officer Jensen had left, testified at her examination before trial that she arrived at the store accompanied by her sister, and also noticed nothing unusual about the premises, and entered the store through its front door. Ms. Falzo testified further that she saw nothing unusual or out of the ordinary inside the store until she attempted to use the telephone to again contact her brother. Ms. Falzo testified that the phone was inoperable, and that she went *207 across the street and that she called her brother from another business establishment. This time Ms. Falzo was successful in contacting her brother, and advised him that the alarm had gone off and that the store’s phone did not work. Glen Falzo testified that he called the Colonie Police dispatcher’s office and informed them that the alarm was out of service for the rest of the evening. Mr. Falzo testified that he did not recall whether or not he specifically used the phrase "Code 85”, but testified that he understood that a "Code 85” was a designation for the local police agency that an alarm is out of service and that the patrolmen on that shift are asked to keep an eye on the building more than they normally do.
Thomas A. Breslin, the sergeant in charge of the 11:00 p.m. to 7:00 a.m. shift on September 26-27, 1986, testified at an examination before trial that he was , advised of a Code 85 for the Falzo jewelry store upon his arrival at the police station. Sergeant Breslin testified that all patrolmen were advised on his shift to keep an "extra eye” out on the Falzo store. Sergeant Breslin testified that he checked the store at approximately 3:00 a.m. and found it secure. At 5:52 a.m., Sergeant Breslin, while checking the Falzo store, observed the rear door ajar. Having determined that the store had been broken into, Sergeant Breslin summoned the Town of Colonie detective’s division into the case, and it was determined that the jewelry store had in fact been broken into and a quantity of merchandise taken.
A municipality cannot be held liable for damages resulting from a failure to provide adequate police protection absent a special relationship existing between the municipality and the injured party (De Long v County of Erie, 60 NY2d 296; Weiner v Metropolitan Transp. Auth., 55 NY2d 175; Riss v City of New York, 22 NY2d 579). Where there is no special relationship, a municipality does not owe a duty to its citizens in the performance of governmental functions, and thus, courts will not examine the "reasonableness” of the municipality’s actions (see, O’Connor v City of New York, 58 NY2d 184; Hamill v Town of Dewitt, 162 AD2d 1012).
The Court of Appeals has consistently refused to impose liability in the absence of a special relationship upon the commonly recognized principle that a municipality’s duty to provide police protection is one owed to the public at large, and not to a specific person or class (Kircher v City of Jamestown, 74 NY2d 251; Cuffy v City of New York, 69 NY2d 255).
*208 The question, therefore, is whether or not the plaintiff, through his employee’s notification to the Town of Colonie Police Department that his alarm was inoperative, and the Colonie Police Department’s undertaking to label the situation a "Code 85” created a special relationship between the plaintiff and the defendant? We find it does not.
The elements to create a special relationship are: (1) An assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured* and (4) the parties’ justifiable reliance on the municipality’s affirmative undertaking. (Cuffy v City of New York, supra, at 260.) This court cannot say as a matter of law that the receipt of a telephone message by the Colonie Police Department from the plaintiff’s agent, Glen Falzo, and the classification of a Code 85 situation created an assumption by the municipality through promises or actions of a special duty; nor can we say that the plaintiff was entitled to rely upon the Town of Colonie to provide round the clock protection for his premises.
Assuming that a special relationship in fact did exist, the testimony of the Colonie police officers that they visited the premises intermittently throughout the evening can only be viewed as reasonable, since under no circumstance can it be said that the defendant, Town of Colonie, through its Police Department, took upon itself the responsibility to provide round the clock protection for the plaintiff’s premises (see, Riss v City of New York, supra, at 581-582). Otherwise the limited resources of the town Police Department would be disproportionally applied to the plaintiff rather than the community at large.
Accordingly, in view of all of the above, the motion of the defendant seeking dismissal of the plaintiff’s complaint is in all respects granted. Plaintiff’s cross motion for summary judgment is denied. As a procedural point, the court has not *209 considered the video tapes submitted by the plaintiff in reaching its determination. Although these tapes may be admissible at a plenary trial as demonstrative evidence, the tapes are irrelevant and inadmissible on a motion such as this (see, Spadaro v Consolidated Edison Co., 73 AD2d 616).

 Although the defendant admits contact with the plaintiff directly through their agents the absence of the other necessary elements render this admission moot.