◼ JAMES E. FALZO, Doing Business as FALZO'S JEWELERS, Appellant, v TOWN OF COLONIE, Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered January 22, 1991 in Albany County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff owns a jewelry store located in the Town of Colonie, Albany County, that was managed by his daughter, Nanette Falzo. The store was equipped with an alarm system that was connected with an alarm board at defendant's police department. After closing up the store on September 26, 1986, Falzo was called late in the evening by a member of defendant's police department and informed that the store's alarm had activated. A patrol car arrived at the store about 10:01 P.M. The police officer inspected the premises, found them to be secure and departed at about 10:03 P.M. after failing to discover anything unusual. Shortly thereafter, Falzo arrived at the store and discovered nothing unusual, except that the store's telephone was inoperable. When she was unable to reactivate the store's alarm system, Falzo called her brother, who occasionally worked at the store, to inform him of her predicament. He immediately called a police emergency number and stated to the dispatcher that the store phone was inoperable, the alarm could not be reset and would therefore be off for the night, and requested that the patrol cars keep an eye on the store. The dispatcher responded, "Okay. I'll write it up." In the early morning hours of September 27, 1986, while conducting a random drive-by of the store, a police officer discovered that it had been burglarized. Plaintiff thereafter commenced this action against defendant alleging negligence in failing to properly investigate the cause of the alarm activation and in failing to properly secure the premises. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for, *inter alia,* summary judgment. Supreme Court granted defendant's motion on the ground that there was no special relationship between the parties. This appeal by plaintiff ensued.

In order for liability to be imposed upon defendant, there must be proof of a "special relationship" between the parties *(see, Kircher v City of Jamestown,* 74 NY2d 251, 253). One of the elements necessary to establish such a relationship is " 'an assumption by the [defendant] through promises or

actions, of an affirmative duty to act on behalf of the [plaintiff] who was injured' " *(supra,* at 257). On this appeal, plaintiff contends that defendant's action of permitting him to connect his store's alarm system with the police department's alarm board created a special relationship between the parties. Defendant's alarm systems ordinance provides, in pertinent part, that "[t]he Town of Colonie shall not be liable for * * * [its] failure to respond appropriately nor for any erroneous response" to an alarm system (Local Laws, 1981, No. 21 of Town of Colonie § 46-12 [A]).

Contrary to plaintiff's contention, it is clear from the face of defendant's ordinance that it did not assume an affirmative duty to act on plaintiff's behalf simply from the connection of his alarm system with the police department's alarm board. The gravamen of plaintiff's complaint as particularized by the bill of particulars is that defendant failed to properly secure the store after the alarm was activated and failed to determine the cause of the activation. In short, plaintiff contends that defendant failed to respond appropriately to the alarm, which is the precise situation for which defendant disclaimed liability in the section of its ordinance at issue. Accordingly we find, as a matter of law, that there was no special relationship created between the parties by reason of defendant's ordinance.

Plaintiff also contends that the dispatcher's response to the request for additional patrols of the store's premises created a special relationship between the parties. After defendant's dispatcher was advised of the predicament involving plaintiff's store, it is undisputed that the response given by the dispatcher was, "Okay. I'll write it up." This response did not constitute a promise on behalf of defendant to affirmatively act on plaintiff's behalf. Rather, the dispatcher simply acknowledged that he would record the request for additional patrols at the store premises. In fact, the record reflects that defendant did provide additional patrols of plaintiff's store. Absent a special relationship we will not undertake an examination as to the reasonableness of the response to plaintiff's request *(see, Hamill v Town of Dewitt,* 162 AD2d 1012, *lv denied* 76 NY2d 710). The patrols provided by defendant dealt with the proper allocation of police resources, for which a municipality will not be held liable *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175).

Mahoney, P. J., Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.