■ RAYMOND SATIRO, Respondent, v CITY OF NEW ROCHELLE, Appellant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered February 2, 1983, which denied its motion to dismiss the plaintiff's verified complaint for failure to state a cause of action. ¶ Order reversed, on the law, with costs, motion granted and verified complaint dismissed. ¶ On February 14, 1977, Frederick Cowan engaged in a shooting spree in the City of New Rochelle, killing several persons and injuring several others. Among the injured was the plaintiff, a member of the Police Department of the City of New Rochelle, who thereafter commenced this action against the city to recover damages for his injuries. As set forth in the verified complaint, plaintiff alleged that the city had negligently failed to protect members of the public, including members of the police department, by permitting Cowan to possess and maintain firearms after having received notice of his "dangerous and vicious propensities". The city moved pursuant to CPLR 3211 (subd [a], par 7) to dismiss the plaintiff's verified complaint upon the ground that it failed to state a cause of action. The motion should have been granted by Special Term. The City of New Rochelle owes no special duty to protect a person, whether a member of the general public or a member of its own police department, from the criminal acts of third persons, even where the city has reason to anticipate that crimes would be committed (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175; *Riss v City of New York*, 22 NY2d 579; see, also, *Napolitano v County of Suffolk*, 61 NY2d 863; cf. *De Long v County of Erie*, 60 NY2d 296). Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.