■ VICTOR SOSTRE, Respondent, v CITY OF NEW YORK HOUS-ING AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Cohen, J.), dated November 10, 1987, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

It is well settled that public entities are immune from tort claims arising out of the performance of their governmental functions, including police protection, unless the injured party establishes a special relationship with the entity, which creates a specific duty to protect that individual, and the individual justifiably relies upon the performance of that duty (see, Cuffy v City of New York, 69 NY2d 255; Miller v State of New York, 62 NY2d 506; Pugliese v City of New York, 115 AD2d 465, lv denied 67 NY2d 608).

In this case the plaintiff failed to demonstrate the existence of triable issues of fact as to the elements necessary to sustain a finding of a special duty on the part of the defendant to protect the plaintiff from a future assault by the grandmother of his daughter. Specifically, the record contains no indication that the New York City Housing Authority police affirmatively represented that it would afford the plaintiff continual police protection, nor does the record establish that the plaintiff relied, to his detriment, upon any assurances that he would be protected (see, Meister v City of New York, 133 AD2d 448; Bain v City of Rochester, 115 AD2d 957, lv denied 67 NY2d 606; Satiro v City of New Rochelle, 102 AD2d 821, affd 64 NY2d 614; Yearwood v Town of Brighton, 101 AD2d 498, affd 64 NY2d 667). Absent such a special relationship, the defendant cannot be cast in damages for the injuries ultimately sustained by the plaintiff. Accordingly, the defendant is entitled to summary judgment dismissing the complaint. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.