■ JASON SILVER, an Infant, by LEONARD SILVER, His Father and Natural Guardian, et al., Respondents-Appellants, v SCOTT J. COOPER et al., Defendants, BETHPAGE UNION FREE SCHOOL DISTRICT # 21 et al., Respondents, and COUNTY OF NASSAU, Appellant-Respondent. [604 NYS2d 968] —In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 12, 1991, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claims asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted the separate motions by the defendant Town of Oyster Bay and the defendant Bethpage Union Free School District # 21 for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the County of Nassau for summary judgment and substituting therefor a provision granting that motion, the complaint insofar as it is asserted against the County of Nassau is dismissed, and the action against the remaining defendants is severed, and the cross claims against the County of Nassau are dismissed; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs

to the defendants County of Nassau, Town of Oyster Bay, and Bethpage Union Free School District # 21.

As he crossed Stewart Avenue in Nassau County, the infant plaintiff was struck by a car. The plaintiffs sued, among others, the Town of Oyster Bay, Bethpage Union Free School District # 21 (hereinafter the School District) and the County of Nassau. The plaintiffs alleged, *inter alia,* that the Town was negligent in the maintenance and control of Sycamore Avenue, a town road near Stewart Avenue, as well as Stewart Avenue, that the County was negligent in the maintenance and control of Stewart Avenue, a county road, and the School District was liable because the infant plaintiff was allegedly under the custody and control of the School District.

We find that the Supreme Court properly granted summary judgment to the School District. The School District did not have custody and control over the infant plaintiff, since he was walking to school and was not under its control *(see, Pratt v Robinson,* 39 NY2d 554). The School District did not owe a duty to the infant plaintiff to safeguard his commute to school. Nor did the School District assume a duty towards the infant plaintiff by expressing concern, through a letter, for the safety of pedestrians crossing the intersection *(see, Florence v Goldberg,* 44 NY2d 189).

The Supreme Court properly granted summary judgment in favor of the Town, since the County of Nassau has the sole jurisdiction over the maintenance and control of Stewart Avenue, a County road (Nassau County Administrative Code, tit B, § 12-4.0). Furthermore, the Vehicle and Traffic Law extends County authority to all County roads (Vehicle and Traffic Law § 1651). This statutory authority clearly indicates that the County had the authority to act *(cf., Mattice v Town of Wilton,* 160 AD2d 1195). Although sections of the Vehicle and Traffic Law give towns certain rights with respect to all roads, including County roads, none of the statutes establish an affirmative duty of the Town to maintain any County road *(see, DiStefano v Donahue,* 124 AD2d 322).

However, the Supreme Court should have granted summary judgment to the County of Nassau, since the alleged negligence of the County was not the proximate cause of the infant plaintiff's injuries. It would be mere speculation and conjecture to determine that the alleged negligence of the County somehow was a proximate cause of the accident *(see, Murray v State of New York,* 38 NY2d 782; *cf., Monahan v Weichert,* 82 AD2d 102). Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.