■ JOHN P. RENWICK, JR., Individually and as Executor of LOUISE H. RENWICK, Deceased, Respondent, v JOHN R. HOGERHEIDE et al., Defendants, and TOWN OF BEDFORD, Appellant. [630 NYS2d 364] —In an action to recover damages for wrongful death, the Town of Bedford appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered December 7, 1993, which, upon the denial of the appellant's motion pursuant to CPLR 4401 for judgment as a matter of law, upon a jury verdict in favor of the plaintiff, and an order of the same court, dated October 21, 1993, which denied the appellant's motion pursuant to CPLR 4404 to set aside the verdict, was in favor of the plaintiff and against the appellant in the principal amount of $115,000.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the appellant's motion pursuant to CPLR 4404 to set aside the verdict is granted, the appellant's motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

On November 6, 1990, the plaintiff's decedent, his wife Louise Renwick, was struck and killed by a motor vehicle as she was walking home after having voted at the Bedford Historical Hall (hereinafter the Hall). The Hall was owned and operated by the Town of Bedford (hereinafter the Town). Since 1953, the decedent and the plaintiff had walked from their home to the Hall in order to vote and always took the same route.

The plaintiff brought an action against, *inter alia,* the Town. The action went to trial, and after the Town's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case was denied, the case was submitted to the jury solely on a theory of common-law negligence, i.e., whether the Town negligently selected a polling place which was unsafe or unsuitable and whether that negligence proximately caused the accident. The jury unanimously determined that the Town was 80% at fault in the happening of the accident, that the Town's negligence proximately caused the accident, and that the decedent was 20% at fault in the happening of the accident. The Town's motion pursuant to CPLR 4404 to set aside the verdict on the law and as contrary to the weight of the evidence was also denied.

We find that the Town's motion pursuant to CPLR 4401 for

judgment as a matter of law at the close of the plaintiff's case should have been granted. The plaintiff failed to establish any basis for imposing liability on the Town. When a claim is made that a municipality has negligently exercised a governmental function, liability turns upon the existence of a special duty owed to the injured person, in contrast to a general duty owed to the public *(see, Garrett v Holiday Inns,* 58 NY2d 253, 261). Such a duty is found when a special relationship exists between the municipality and an individual or class of persons, warranting the imposition of a duty to use reasonable care for those persons' benefit *(see, Garrett v Holiday Inns, supra).*

In this case, the plaintiff failed to demonstrate that, as a voter, the decedent represented a special class to whom a special relationship attached, or that the Town owed or voluntarily assumed any duty to act on behalf of the decedent. The Town designated the Hall as a polling place as required by Election Law § 4-104 (1), which was enacted to ensure that all citizens could exercise their right to vote. Thus, we reject the plaintiff's attempt to transform a duty performed for the general public to ensure the right to vote into a duty performed for a special class *(compare, Florence v Goldberg,* 44 NY2d 189, 196-197, *with Levine v Sharon,* 160 AD2d 840, 842). The decedent lived near the Hall, and she and her husband had chosen to walk this route to the polling place since 1953. Thus, there was no evidence that the decedent relied on any promise or affirmative undertaking by the Town and that her reliance was causally related to the harm she suffered *(see, e.g., Cuffy v City of New York,* 69 NY2d 255, 260-262; *see also, Lorenzo v City of New York,* 192 AD2d 586, 588).

Since the plaintiff failed to establish any basis for imposing liability on the Town, the Supreme Court should have granted the Town's motion for judgment as a matter of law at the close of the plaintiff's case *(compare, Lorenzo v City of New York, supra,* at 586, 588). Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.