■ DAVID LEVY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [647 NYS2d 514] —Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 22, 1995, which, insofar as appealed from, as limited by plaintiffs' brief, granted defendant New York City Transit Authority's cross-motion for summary judgment dismissing the complaint on the ground that plaintiff has failed to state a cause of action, reversed, on the law, without costs, the motion for summary judgment denied, and the complaint as against said defendant reinstated.

At issue is whether a special relationship existed so that the Transit Authority could be held liable for a failure to provide police protection. Plaintiff David Levy, a 41-year-old Israeli citizen, arrived in New York City at about 4:00 or 5:00 P.M. on the afternoon of February 28, 1991. He came to New York as part of a trip to explore employment opportunities in the United States and elsewhere. He went to the Remington Hotel at 129 West 46th Street and, after relaxing in the hotel for a few hours, decided to get something to eat. He asked at the hotel lobby desk for directions to Fifth Avenue. Because it was cold and dark out, the hotel clerk suggested that plaintiff take the subway, which would get him to his destination in a few minutes.

Following the directions given to him by the clerk, plaintiff walked alone for a block or two, until he saw a stairwell that was an entrance to the subway. However, the entrance was closed. There were two men at the entrance who told plaintiff that he could enter the subway across the street. They pointed to the entrance, and plaintiff crossed the street and went down the stairs on the other side. Plaintiff bought a token and entered the platform area. Before buying his token, plaintiff noticed that the two men that he had encountered across the street had followed him into the subway and onto the platform, and he became frightened. The men continued to follow him toward the platform of the No. 7 train in the Times Square station.

Plaintiff approached two of defendant Transit Authority's police officers who were standing on the platform for the No. 7 train. The two men who had followed him were on the platform not far away. Plaintiff pointed them out to the police, who saw them.

During his Examination Before Trial, plaintiff testified as follows:

"When the people follow me, I was scared. I go to the policemen, two policemen on the platform. I tell them I need help because two people follow me. I am afraid that something going to happen.

"They tell me, 'Don't worry we take care of you. You go on the train and we take care of you.' I tell them I am very afraid. They tell me twice, 'You go to the train and everything will be okay. Don't worry.' * * *

"They told [me], 'You go inside the train and we take care of you. We protect you.' So I wait, nothing like a second, not a minute and the train coming. So I enter inside."

Plaintiff got on the train. As it left the station, plaintiff saw that the two men who had followed him had also boarded the train. Before it arrived at the next stop, the two men attacked and robbed plaintiff. They threw him to the floor, beat and kicked him, and stabbed him in the eye. As a result, plaintiff suffered loss of both hearing and sight, and he is afraid to leave his house.

The Transit Authority Police officers deny knowledge of any conversation with plaintiff.

While, ordinarily, a municipality may not be held liable for a failure to provide police protection, the courts have carved out a narrow exception based upon a special relationship. As defined in *Cuffy v City of New York* (69 NY2d 255, 260), the elements of this special relationship are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.

The test on a motion for summary judgment is whether there exists a triable issue of fact. The credibility of the parties is not a proper consideration for the court. Issues of fact raised by testimony during an examination before trial will operate to preclude the granting of summary judgment (*Harris v City of New York*, 147 AD2d 186, 188-189).

With this in mind, we turn to the elements spelled out in *Cuffy*. Elements (1), (3) and (4) are satisfied since plaintiff maintains that he had contact with the Transit Police and that he relied upon their assurances that it was all right to board

the train since they would protect him, assurances allegedly given on two occasions. Plaintiff, a foreign visitor to our City, was therefore lulled into a false sense of security, especially by the police telling him (as plaintiff related), " 'You go inside the train and we take care of you. We protect you.' " Liability flows from the harm resulting from a plaintiff's reliance more so than from the assumption of the duty itself (*Helman v County of Warren*, 111 AD2d 560, 561, *affd* 67 NY2d 799).

Of the four elements to be considered, element (2) is troubling. Under the facts presented by plaintiff, can knowledge be imputed to the police that their inaction could lead to harm? Accepting plaintiff's statements as true, as we must on a motion for summary judgment, and viewing the facts from his perspective, the two men following him represented a threat of criminal activity, which unfortunately materialized. The possible misapprehension of the seriousness of the situation by the police and their failure to take steps to assure plaintiff's safety could very well lead to a conclusion of negligence (*cf., Cuffy v City of New York, supra*, at 264).

Whether the police acted reasonably depends upon the circumstances of the particular case. Questions of fact exist as to whether a special duty has been breached. Plaintiff has stated a cause of action and, since serious questions of fact exist, there was no basis to dismiss the complaint. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.

Williams, J., dissents in a memorandum as follows: In order for a municipality to be liable to a claimant under the "special relationship" or "special duty" exception, four elements need be established: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking (*Cuffy v City of New York*, 69 NY2d 255, 260).

Plaintiff failed to establish that a special duty was owed him by defendants, notwithstanding the majority's effort to jerry-build one for them. Specifically, the second of the four elements set out in *Cuffy* was not established. Where the defendant shows that an element of a special duty is missing as a matter of law, the defendant is entitled to summary judgment (*see, Kircher v City of Jamestown*, 74 NY2d 251, 255).

Even on this motion for summary judgment where credibility is not a proper consideration, plaintiff failed to establish that

knowledge existed on the part of the police officers that their inaction could lead to his being harmed or that a question of fact existed as to that issue. The information plaintiff claimed he provided to the police officers—that plaintiff was afraid because two men, who assisted plaintiff with correct information regarding the subway entrance, subsequently followed him to the train platform, and waited for the train, albeit at a distance from plaintiff, but never threatened him—cannot reasonably be said to establish knowledge on their part that their inaction could lead to plaintiff's injury. To satisfy that element, under the circumstances, would have required additional information tending to establish a greater sense of imminent danger.

The majority resorts to sophistry in attempting to establish the second *Cuffy* element on the basis of plaintiff's subjective assertion that he was afraid of the individuals in question and by pointing out in retrospect that the crime in fact occurred. However, this argument does not explain why the police officers should have known at the time that their inaction could lead to plaintiff's harm; and in any case, no authority exists wherein a special duty was found purely on the basis of such sparse, subjective evidence. In the cases cited by plaintiff, the information possessed by the municipal agent regarding the likelihood of harm to the claimant was much more concrete (*see, e.g., Julmis v City of New York*, 194 AD2d 522; *Zwart v Town of Wallkill*, 192 AD2d 831; *Greene v City of New York*, 170 AD2d 321; *Berliner v Thompson*, 166 AD2d 78; *Harris v City of New York*, 147 AD2d 186). Moreover, municipal liability has been denied even where the elements of a special duty were supported by much stronger evidence than that before us here (*see, Riss v City of New York*, 22 NY2d 579, *affg* 27 AD2d 217, 218-219).

Although the special duty exception has been criticized for being too rigidly applied so as to defeat meritorious claims against municipalities, the majority's decision goes too far in the other direction and grants viability to an invalid claim. Since crime prevention is not a special duty but a nonactionable responsibility owed to all persons within the jurisdiction, I would affirm.