■ Kristine Hayes, Plaintiff, v Rouse S.I. Shopping Center, Inc., Appellant, and City of New York, Respondent. [671 NYS2d 286] —In an action to recover damages for personal injuries, the defendant Rouse S.I. Shopping Center, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated December 18, 1996, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing its cross claim and denied those branches of its cross motion which were to lift the automatic stay imposed by CPLR 3214 (b) and to compel the defendant City of New York to respond to certain discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was assaulted in a store located in the Staten Island Mall where she was employed. She subsequently commenced this action against the appellant, who owned the mall, and the City of New York (hereinafter the City). With respect to the City, she alleged that the police failed to protect her from the perpetrator who had previously threatened her. The appellant asserted a cross claim against the City.

A municipality may not be held liable for failure to provide police protection unless a special relationship existed between the municipality and the injured party (*see, Mastroianni v County of Suffolk*, 91 NY2d 198). In this case, the Supreme Court properly concluded that there was insufficient evidence to establish that the police assumed a duty to act on the plaintiff's behalf, one of the required elements of a special relationship. Further, there is no evidence that the plaintiff detrimentally relied on any assurances of protection (*see, Cuffy v City of New York*, 69 NY2d 255, 261; *Sostre v City of N. Y. Hous. Auth.*, 150 AD2d 766). In the absence of a special relationship, the City cannot be held liable to the plaintiff and the court properly dismissed the appellant's cross claim (*see, Cracas v Zisko*, 204 AD2d 382, 383-384). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.