■ KATHERINE J. BERNARDO, as Administrator of the Estate of MARGARET C. ORR, Deceased, Respondent, v CITY OF MOUNT VERNON, Appellant, et al., Defendant. [686 NYS2d 498] —In an action to recover damages, inter alia, for wrongful death, the defendant City of Mount Vernon appeals, as limited by its

brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered July 27, 1998, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff's 81-year old decedent sustained fatal injuries when she was pushed to the ground by a group of unidentified youths. The plaintiff subsequently commenced this action against the City of Mount Vernon (hereinafter the City) and the Mount Vernon Board of Education. The complaint alleged, *inter alia*, that the City had negligently failed to protect elderly pedestrians from large groups of youths who were released from middle school in the afternoon, and engaged in pushing, shoving, and other reckless behavior on public sidewalks. The City moved for summary judgment upon the ground that it could not be held liable for the failure to provide adequate police protection because it had no special relationship with the decedent. In opposition to the motion, the plaintiff submitted evidence indicating that the police had focused extra attention on the area where the incident occurred in order to combat problems created when large numbers of youths were released from school. The Supreme Court denied the motion, finding that the plaintiff's submissions created an issue of fact as to whether the City had assumed a special duty to protect elderly pedestrians from the youths. We reverse.

A narrow exception to the general rule that a municipality may not be held liable for the failure to provide police protection exists where there is a special relationship between the municipality and the injured party (*see, Mastroianni v County of Suffolk,* 91 NY2d 198; *Cuffy v City of New York,* 69 NY2d 255, 260). In order to establish the existence of a special relationship, the plaintiff must show that the municipality, through promises or actions, assumed an affirmative duty to act on behalf of the injured party (*see, Cuffy v City of New York, supra,* at 260). The plaintiff must also show that there was some form of direct contact between the municipality's agents and the injured party, and that the injured party justifiably relied upon the municipality's affirmative undertaking (*see, Cuffy v City of New York, supra,* at 260). The reliance and direct contact elements exist, in part, "as a basis for rationally limiting the class of citizens to whom the municipality's 'special duty' extends" (*Cuffy v City of New York, supra,* at 261).

Contrary to the plaintiff's contention, the City did not assume a special duty towards the decedent by targeting the area where the incident occurred for extra police attention (*see, Silver v Cooper,* 199 AD2d 255). Moreover, the record is devoid of any evidence that the decedent was aware that the police had focused extra attention in the vicinity of the street where she was pushed, or that she relied upon this increased police attention to her detriment. Under these circumstances, we conclude that the City had no special relationship with the decedent, and that the City's motion for summary judgment must be granted (*see, Cuffy v City of New York, supra; Hayes v Rouse S.I. Shopping Ctr.,* 249 AD2d 273; *Silver v Cooper, supra*). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.