■ VASSILIKI TARNARAS et al., Respondents, v COUNTY OF NASSAU, Appellant. [694 NYS2d 414] —In an action to recover damages for personal injuries, etc., the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated April 29, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contentions, the Supreme Court correctly denied its motion for summary judgment dismissing the complaint. The law is well settled that for a municipal agency to be held liable in tort for injuries inflicted by third parties resulting from the failure to provide adequate protection, the plaintiffs must prove a "special relationship" and that the agency in question owed the plaintiffs a "special duty" (*Mastroianni v County of Suffolk,* 91 NY2d 198, 203; *Cuffy v City of New York,* 69 NY2d 255, 260; *Edwards v City of Mount Vernon,* 230 AD2d 821). The requisite elements of this "special relationship" are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking (*see, Cuffy v City of New York, supra*).

The essential facts underlying this appeal are recited in the decision and order of this Court deciding the companion appeal (*see, Tarnaras v Farmingdale School Dist.,* 264 AD2d 391 [decided herewith]). The defendant concedes that the first two elements necessary for the imposition of liability have been satisfied as a result of the issuance by the Nassau County District Court on February 10, 1992, of an order of protection (*see, Mastroianni v County of Suffolk, supra,* at 204). However, contrary to the defendant's contentions, the record amply supports the conclusion that the third element, direct contact, has also been established as a result of the plaintiff Helen Tarnaras' many complaints to the police, during at least one of which she was told that Raymond Purvis, the person harassing her daughter,

the plaintiff Vassiliki Tarnaras, in violation of the order of protection, would be arrested. Indeed, the direct contact herein is analogous to that upheld by the Court of Appeals in *Mastroianni v County of Suffolk (supra)*, and *Sorichetti v City of New York* (65 NY2d 461).

We agree with the Supreme Court's conclusion that the plaintiffs established the existence of issues of fact as to the element of justifiable reliance. Whether, under the instant circumstances, the plaintiffs reasonably relied upon the representations that Purvis would be arrested constitutes a question of fact (*see, Mastroianni v County of Suffolk, supra; Sorichetti v City of New York, supra*).

The defendant's remaining contentions are without merit. S. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.