■ AVRAHAM BASHER et al., Respondents, v CITY OF NEW YORK et al., Appellants. [702 NYS2d 371] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated January 8, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On June 7, 1993, the injured plaintiff, Avraham Basher, was installing a fence around property he was planning to rent and use as an auto repair business when a group of men approached him and demanded jobs and/or "protection money". The group warned Basher that if he refused to pay they would cause "problems". Basher alleges that he stopped a passing police patrol car and informed the officers of the threats made against him. The police officers allegedly told Basher that they would keep the location under surveillance. Basher returned to

installing the fence. Later that day, Basher stopped a second patrol car and informed the police officers of his encounter. These police officers allegedly said that they would patrol the area and did so for approximately two hours until they left after receiving an emergency call. Basher remained at the location installing the fence. Late that afternoon, Basher was shot and seriously wounded.

The law is well settled that a municipality may not be held liable for failure to provide police protection unless a special relationship exists between the municipality and the injured person thereby creating a "special duty" to protect the injured person (*see, Mastroianni v County of Suffolk,* 91 NY2d 198; *Cuffy v City of New York,* 69 NY2d 255). The elements required to prove the existence of a special relationship are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking (*see, Mastroianni v County of Suffolk, supra; Tarnaras v County of Nassau,* 264 AD2d 390). The reliance and direct contact elements exist, in part, as a method to rationally limit the class of people to whom the municipality's special duty extends (*see, Bernardo v City of Mount Vernon,* 259 AD2d 574; *see also, Cuffy v City of New York, supra,* at 261).

The facts of this case, as stated by the plaintiff, are insufficient to establish two of these elements. There is no evidence that the police officers he stopped had knowledge that their inaction would lead to harm. The only information provided to the police was that a group of men had demanded protection money from Basher and that they would cause Basher "problems" if he didn't pay. There was no specific threat of violence, no past history of violence, and no information that any of the group members were armed (*cf., Levy v City of New York,* 232 AD2d 160). Moreover, the plaintiff's own testimony indicates that he did not reasonably rely to his detriment upon any alleged assurances of protection given to him by the police officers (*see, Bernardo v City of Mount Vernon, supra; Hayes v Rouse S.I. Shopping Ctr.,* 249 AD2d 273; *Sostre v City of N. Y. Hous. Auth.,* 150 AD2d 766). Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.