■ EDWIN DE LA PAZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [743 NYS2d 116] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated January 31, 2001, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle, owned and oper-

ated by the defendant Stanley Johnson, which stalled and became inoperable on a cold winter night. Johnson and another passenger left the vehicle and called for a tow truck, then returned to the vehicle to wait. Subsequently, two New York City police officers in a patrol car stopped at the scene. When told what had happened, the officers stated that they would call a tow truck, and left the scene. Shortly thereafter, while the plaintiff slept in the back seat, the disabled vehicle was struck in the rear by a second vehicle driven by the defendant Jorge Aponte, and the plaintiff was injured. The plaintiff commenced this action against the City of New York (hereinafter the City), Aponte, and Johnson. The plaintiff alleged that the two police officers who briefly stopped at the scene before the accident were negligent in failing to remain there and take precautions to safeguard the occupants of the disabled vehicle.

It is well settled that a municipality bears no liability for the negligent performance by its agents of governmental functions, absent the existence of a special relationship between the municipality and the injured party (see *Kircher v City of Jamestown,* 74 NY2d 251, 253; *Cuffy v City of New York,* 69 NY2d 255, 258; *Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454, 455; cf. *Mastroianni v County of Suffolk,* 91 NY2d 198, 203). The City met its burden of establishing that it had no special relationship with the plaintiff and therefore, that it owed no special duty to him. The officers merely stated that they would call a tow truck and did not in any manner take control of the scene (see *Pinkney v City of New York,* 50 AD2d 928, *affd* 40 NY2d 1004; cf. *Anderson v Muniz,* 125 AD2d 281, 283). Furthermore, the plaintiff and his companions did not rely on the officers' statements or actions since they had decided, before the police arrived, to remain in the vehicle and wait, without taking any safety precautions themselves (see *Cuffy v City of New York, supra* at 261; cf. *Freidfertig Bldrs. v Spano Plumbing & Heating, supra*). As there was no predicate for liability, the Supreme Court properly granted the City's motion for summary judgment. Ritter, J.P., Altman, Adams and Crane, JJ., concur.