Drew Vandewinckel et al., Respondents, v Northport/East Northport Union Free School District et al., Defendants, and County of Suffolk, Appellant. [805 NYS2d 133]—

In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated September 29, 2004, which granted the plaintiffs' oral application to compel it to produce an additional witness for an examination before trial, (2) an order of the same court dated February 14, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (3) an order of the same court dated March 25, 2005, which denied its motion for leave to renew and reargue the plaintiffs' oral application to compel it to produce an additional witness for an examination before trial.

Ordered that the appeals from the orders dated September 29, 2004 and March 25, 2005 are dismissed; and it is further,

Ordered that the order dated February 14, 2005 is reversed, on the law, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendant County of Suffolk, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant County of Suffolk.

The order dated September 29, 2004, is not appealable as of right, as it did not determine a motion made on notice (see CPLR 5701 [a] [2]). Similarly, so much of the order dated March 25, 2005, as denied leave to renew the plaintiff's oral application to compel the defendant to produce an additional witness

for examination before trial, is not appealable as of right (*see* CPLR 5701 [a] [2]). We decline to grant leave to appeal since both appeals have been rendered academic in light of our determination of the appeal from the order dated February 14, 2005. Further, so much of the order dated March 25, 2005, as denied leave to reargue must also be dismissed, as no appeal lies from an order denying reargument.

The infant plaintiff, a seventh-grade student at East Northport Middle School, was struck by a car as he crossed the street directly in front of the school. The defendant County of Suffolk placed a school crossing guard at an intersection approximately 200 yards west of the school entrance. The plaintiffs allege, inter alia, that the County was negligent in failing to place the crossing guard in front of the school entrance rather than at the intersection 200 yards away.

A municipal defendant is immune from liability for negligence claims arising from the performance of its governmental functions unless the plaintiff can establish the existence of a special relationship between the injured party and the municipal defendant (*see Kircher v City of Jamestown*, 74 NY2d 251 [1989]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Apostolakis v Centereach Fire Dist.*, 300 AD2d 516 [2002]). The elements of a special relationship are (1) an assumption by a municipality, through promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of a municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking (*see Cuffy v City of New York, supra* at 260).

Here, the County established its prima facie entitlement to summary judgment by establishing the absence of any special relationship between it and the infant plaintiff. In response, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Adams, Cozier and Covello, JJ., concur.