NAGHMEH TAEBI, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. [818 NYS2d 595]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 13, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A municipal defendant is immune from liability for negli-

gence claims arising from the performance of its governmental functions unless the plaintiff can establish the existence of a special relationship between the injured party and the municipal defendant" (*Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432, 433 [2005]; *see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Conde v City of New York*, 24 AD3d 595, 596 [2005]). The elements of a special relationship are "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York, supra* at 260; *see Mastroianni v County of Suffolk*, 91 NY2d 198, 204 [1997]; *Vandewinckel v Northport/East Northport Union Free School Dist., supra* at 433).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that a special relationship did not exist because the police officers to whom the plaintiff spoke did not affirmatively assume a duty to act on her behalf (*see Moreno v City of New York*, 27 AD3d 536 [2006]). In response, the plaintiff failed to raise a triable issue of fact. Although the defendants do not deny the plaintiff's assertion that she had direct contact with the Suffolk County Police Department on two occasions, most recently on the day before she was attacked, it is undisputed that the only assurance given to her by the police officers with whom she spoke was that someone from the department would follow up by calling her. Such communication, without more, did not constitute an assumption by the defendants of an affirmative duty to protect the plaintiff, and did not give rise to justifiable reliance on the part of the plaintiff that the defendants would do anything other than what the plaintiff was told they would do (*see Conde v City of New York, supra* at 597; *Khalil v Guardino*, 300 AD2d 360, 362 [2002]; *De La Paz v City of New York*, 294 AD2d 327, 328 [2002]). To the extent that the plaintiff seeks to hold the defendants liable for their failure to undertake to aid her further, including assisting her in obtaining an order of protection, her claim is predicated not upon an assumption of a special duty to her, for which the defendants may be held liable (*see Mastroianni v County of Suffolk, supra; Sorichetti v City of New York*, 65 NY2d 461, 469 [1985]; *Tarnaras v County of Nassau*, 264 AD2d 390 [1999]), but upon a general duty owed to the public at large, for which liability may not imposed (*see Kircher v City of Jamestown*, 74 NY2d 251, 255 [1989]; *Garrett v Holi-*

*day Inns*, 58 NY2d 253, 261 [1983]; *Renwick v Hogerheide*, 218 AD2d 645, 646 [1995]). The Supreme Court therefore properly granted the defendants' motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.