■ MELVON MOORE et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [17 NYS3d 189]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated July 25, 2013, as granted the cross motion of the defendants City of New York, New York City Police Department, New York City Department of Education, Police Officer Shannon, Police Officer Holloman, Police Officer Ferguson, and Police Officer Titus for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, then a 15-year-old sophomore at Boys and Girls High School in Brooklyn, testified at his deposition that on September 19, 2006, he was walking home from school at dismissal time when he was assaulted by a group of boys near PS 262. When the injured plaintiff heard the sound of po-

lice sirens, his assailants fled. The injured plaintiff further testified that when he saw a police officer exit a police vehicle, he ran after one of his assailants and attempted to hold him so that the police officers could apprehend him. As he tried to hold the assailant against the gate of the school, they began hitting each other. Then, the injured plaintiff observed a crowd of people running toward him, and he turned and ran away, followed by the crowd. He stopped running when two police vehicles pulled up to the crowd with their lights flashing. From inside their vehicles, the officers directed the crowd to disperse, and then drove away. Immediately thereafter, the injured plaintiff was shot in the back and, as a result, he is paralyzed from the waist down.

Police Officers Shannon and Holloman testified at their depositions that, on the day of the incident, they were directed to patrol the streets by the high school during dismissal time together in a police vehicle. They approached a large crowd near PS 262, where Police Officer Shannon observed the injured plaintiff and another boy "scuffling" against a gate. Police Officer Shannon turned on the lights and sirens of his vehicle, and parked in front of PS 262, causing the crowd to disperse. Police Officers Shannon and Holloman exited their vehicle, approached the injured plaintiff, and asked him a series of questions regarding his well-being. The injured plaintiff did not respond to their inquiries and eventually ran away. As the police officers were walking back to their vehicle, they heard a gunshot. They drove in the direction of the gunshot, and observed the injured plaintiff lying on the sidewalk with a gunshot wound to his back.

The injured plaintiff, and his guardian suing derivatively, commenced this action against, among others, the defendants City of New York, New York City Police Department, New York City Department of Education, Police Officer Shannon, Police Officer Holloman, Police Officer Ferguson, and Police Officer Titus (hereinafter collectively the city defendants), alleging, inter alia, that the city defendants were negligent in breaching a special duty owed to the injured plaintiff. Specifically, the plaintiffs alleged that the city defendants assumed a special duty to Moore by providing heightened police protection to public school students in the vicinity at the time of dismissal, and that the responding officers assumed special duties to Moore by providing physical protection to him after witnessing the assault.

"Liability for a claim that a municipality negligently exercised a governmental function 'turns upon the existence of

a special duty to the injured person, in contrast to a general duty owed to the public' " (*Coleson v City of New York*, 24 NY3d 476, 481 [2014], quoting *Garrett v Holiday Inns*, 58 NY2d 253, 261 [1983]). The provision of police protection is a "classic" governmental function, and a municipality's general duty to furnish police protection "does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (*Valdez v City of New York*, 18 NY3d 69, 75 [2011]). A special duty—"a duty to exercise reasonable care toward the plaintiff"—is "born of a special relationship between the plaintiff and the governmental entity" (*Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]; *see Coleson v City of New York*, 24 NY3d at 481). As relevant here, a special relationship can be formed when the following elements are present: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Here, the city defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that no special relationship was created through the voluntary assumption of a duty to the injured plaintiff, either individually or as a member of a specific class (*cf. Florence v Goldberg*, 44 NY2d 189, 196-197 [1978]). Even if there had been a duty here, the evidence submitted by the city defendants established that the injured plaintiff did not justifiably rely upon an affirmative undertaking by the city defendants (*see Valdez v City of New York*, 18 NY3d at 81-84; *Cuffy v City of New York*, 69 NY2d at 263; *Brown v City of New York*, 73 AD3d 1113, 1114-1115 [2010]; *cf. Florence v Goldberg*, 44 NY2d at 197). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the city defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.