Vaughn v City of New York (2020 NY Slip Op 51438(U))

[*1]

Vaughn v City of New York

2020 NY Slip Op 51438(U) [69 Misc 3d 148(A)]

Decided on November 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McSh an, JJ.

20-148

Nat Vaughn, 
 Plaintiff-Respondent,
against
The City of New York, NYPD Transit District #1,
Defendants-Appellants.

Defendants, as limited by their briefs, appeal from so much of an order of the Civil Court of
the City of New York, New York County (Denise M. Dominguez, J.), entered July 2, 2019,
which denied their cross motion to dismiss the complaint for failure to state a cause of
action.

Per Curiam.
Order (Denise M. Dominguez, J.), entered July 2, 2019, insofar as appealed from, reversed,
without costs, motion granted and the complaint dismissed.
Plaintiff alleges that he suffered personal injuries when he was struck in the back by a
pumpkin, and "lunged at" and spit upon by unknown assailants in two separate incidents at the
subway station at Broadway and 86th Street. The complaint alleges that defendants negligently
failed to provide adequate police protection at the subway station. 
Even accepting plaintiff's allegations as true, and according them the benefit of every
favorable inference, as we must in the context of a motion to dismiss on the pleadings (see
Leon v Martinez, 84 NY2d 83, 87-88 [1994]), defendants' CPLR 3211(a)(7) cross motion to
dismiss the complaint should have been granted. Although defendants owe a general duty to the
public at large to furnish police protection, plaintiff may not recover in negligence because he
failed to plead sufficiently that defendants owed him a special duty of care (see Valdez v City
of New York, 18 NY3d 69, 75 [2011]; Rivas v City of New York, 180 AD3d 592 [2020]; Moore v City of New York, 132 AD3d
644, 645 [2015], lv dismissed 27 NY3d 1146 [2016). Nor has plaintiff stated a claim
that the defendants assumed a particular duty to provide police protection to a special class of
persons of which he is a member (see Renwick v Hogerheide, 218 AD2d 645 [1995],
lv denied 87 NY2d 803 [1995]). Additionally, plaintiff's allegations established
conclusively that defendants are insulated from liability under the governmental immunity
doctrine (see Matter of World Trade Ctr.
Bombing Litig., 17 NY3d 428, 452-455 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 30, 2020