New York City Hous. Auth. v Deraffele (2020 NY Slip Op 51439(U))

[*1]

New York City Hous. Auth. v Deraffele

2020 NY Slip Op 51439(U) [69 Misc 3d 148(A)]

Decided on November 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

20-152

New York City Housing Authority, 
 Plaintiff-Respondent,
against
John Deraffele,
Defendant-Appellant.

Defendant appeals from a "decision and order" of the Civil Court of the City of New York,
New York County (Lisa S. Headley, J.), entered on or about January 10, 2020, after a nonjury
trial, in favor of plaintiff and awarding it damages in the sum of $7,348.36.

Per Curiam.
Appeal from "decision and order" (Lisa S. Headley, J.), entered on or about January 10,
2020, deemed an appeal from the ensuing judgment (same court and Judge) entered February 27,
2020, and so considered (see CPLR 5520[c]), judgment affirmed, with $25 costs.
The trial court's determination that plaintiff Housing Authority was entitled to recoup the
section 8 subsidy paid to defendant-landlord for the period December 1, 2011 through June 30,
2012, is supported by a fair interpretation of the evidence (see Claridge Gardens v
Menotti, 160 AD2d 544 [1990]). The totality of the evidence before the trial court supports
the finding that the nonparty tenant for whom the subsidy was paid (Clinkscales) lived elsewhere
as of December 1, 2011 (see New York
City Hous. Auth. v Reichman, 65 Misc 3d 127[A], 2019 NY Slip Op 51506[U] [App
Term, 1st Dept 2019]). This evidence includes the notice defendant served upon Clinkscales,
terminating her lease for the subject apartment as of October 31, 2011, Clinkscales' new lease for
an apartment at a different location commencing December 1, 2011, and proof that a section 8
subsidy was paid to Clinkscales' new landlord beginning December 1, 2011. The trial court,
which was in a position to assess the credibility of witnesses, credited plaintiff's evidence while
finding defendant's uncorroborated contention, that Clinkscales continued to live in the subject
apartment through June 2012, not credible.
The trial court providently exercised its discretion in granting plaintiff a brief adjournment to
secure a different witness with knowledge of the relevant contract documents. Nor was it
improper to allow plaintiff to call this witness despite the omission of her name from plaintiff's
list of proposed witnesses, since defendant never made an objection at the outset of the proffered
testimony (see Simon v Indursky, 211 AD2d 404, 405 [1995]).
Defendant's remaining contentions are either not properly before us on this appeal, [*2]unpreserved or without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 30, 2020